UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

SHEILA PORTER,

    Plaintiff

v.

CAVALRY PORTFOLIO SERVICES LLC

    Defendant

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

## COMPLAINT

SHEILA PORTER ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAVALRY PORTFOLIO SERVICES LLC, ("Defendant"):

### I. PRELIMINARY STATEMENT

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court supplemental jurisdiction over the state claims contained therein.

1

PLAINTIFF'S COMPLAINT

3. Defendant conducts business in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

### III. PARTIES

6. Plaintiff is a natural person residing in Oil City, Venango County, Pennsylvania.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with corporate headquarters located at 7 Skyline Drive, 3rd Floor, Hawthorne, New York 10532.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. BACKGROUND ON THE FDCPA

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides

for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing

laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## V. FACTUAL ALLEGATIONS

15. At all pertinent times hereto, Defendant was hired to collect a consumer debt allegedly owed by Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. Defendant constantly and continuously places collection calls to Plaintiff, sometimes calling up to two times in a single day, seeking and demanding payment for an alleged debt owed.

18. Defendant placed collection calls to Plaintiff through November 22, 2010.

19. Defendant's representative, Matt Bayles, called Plaintiff at her place of employment on November 2, 2010.

20. Matt Bayles threatened to have Plaintiff arrested if immediate payment was not made.

21. Matt Bayles threatened to seize Plaintiff's property if immediate payment was not made.

22. Matt Bayles threatened Plaintiff with legal action if immediate payment was not made.

23. To the best of Plaintiff's knowledge, no lawsuit to date has been filed by Defendant.

24. Plaintiff informed Matt Bayles that her employer prohibits her from receiving personal telephone calls at work and to stop calling her there.

25. Despite this, Defendant continued to place collection calls to Plaintiff at her place of employment on November 3, 2010, November 9, 2010, November 22, 2010 and November 27, 2010.

26. Defendant spoke with Plaintiff's co-worker, Karen, on November 19, 2010 and stated it was calling regarding a personal matter involving Plaintiff.

27. Defendant spoke with Plaintiff's co-worker, Diane, on November 22, 2010 and stated it was calling regarding a personal matter involving Plaintiff.

28. At no time did Defendant send to Plaintiff any written correspondence advising her of her right to request verification of the debt and dispute it.

29. Defendant conducted its collection activities in ways that were factually misrepresented and in violation of the FDCPA.

## VI. CONSTRUCTION OF APPLICABLE LAW

30. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding

unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

31. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

32. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

# VII. ALLEGATIONS

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33. Defendant violated the FDCPA based on the following:

    a.    Defendant violated §1692 generally;

    b.    Defendant violated §1692c(b) of the FDCPA by communicating with third parties in connection with the collection of Plaintiff's alleged debt.

    c.    Defendant violated §1692c(1) of the FDCPA by communicating with Plaintiff at her place of employment, a place known to be inconvenient to Plaintiff;

    d.    Defendant violated §1692c(3) of the FDCPA by communicating with Plaintiff at her place of employment after being informed that Plaintiff's employer prohibits such communication;

    e.    Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt;

    f.    Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse and harass Plaintiff;

    g.    Defendant violated §1692e(4) of the FDCPA by representing that non payment of the debt would result in the arrest of Plaintiff even though Defendant does not intend to take such action;

    h.    Defendant violated §1692e(4) of the FDCPA by representing

that non payment of the debt would result in the seizure of Plaintiff's property even though Defendant does not intend to take such action;

   i.   Defendant violated §1692e(5) of the FDCPA by threatening Plaintiff with legal action even though Defendant does not intend to take such action;

   j.   Defendant violated §1692e(7) of the FDCPA by falsely implying that Plaintiff had committed a crime and would be arrested;

   k.   Defendant violated §1692e(10) of the FDCPA in a deceptive means to collect a debt by threatening Plaintiff with legal action;

   l.   Defendant violated §1692e(10) of the FDCPA in a deceptive means to collect a debt by threatening to have Plaintiff arrested;

   m.   Defendant violated §1692e(10) of the FDCPA in a deceptive means to collect a debt by threatening to take Plaintiff's property;

   n.   Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt; and

   o.   Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse and harass Plaintiff;

   p.   Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, SHEILA PORTER, respectfully requests judgment be entered against Defendant, CAVALRY PORTFOLIO SERVICES LLC for the following:

a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

b. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

c. Actual damages,

d. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

e. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SHEILA PORTER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 03/11/11          KIMMEL & SILVERMAN, P.C..

By: __/s/ Amy L. Bennecoff__
Amy L. Bennecoff
Attorney ID # 202745
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: abennecoff@creditlaw.com

PLAINTIFF'S COMPLAINT